**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND MARTINEZ,

      Plaintiff-Appellant,

    v.

MICHAEL C. VILLANO, ANTHONY
F. VOLLACK, JOHN T.
SCHERLING, STEVEN R. GAYLE,
ROY G. OLSON, JR., HAROLD E.
BRAY, BRADLEY A. ROCKWELL,
MICHAEL A. OBERMEYER, BRIAN
J. MCCOY, HARRY NIMROD, LEE
ZWEIGLE, ED CAMP, ROBERT
TAYLOR, ARISTEDES W.
ZAVARAS, JOHN JUBIC, RICHARD
A. MARR, JUANITA WILLYARD,
CAROL HADLEY, BILL BURDGES,
BEN OWENSLY, OLAH MURPHY,
WILLIAM SELLERS, JUANITA
NOVAK, RANDY MALDEN, JULIE
WOLFF, DAVE ROMERO, DAVE
BEEBE, WILLIAM WILSON, JR.,
JOHN SUTHERS, CHARLES RAY,
JOHN AND/OR JANE DOE,
GEORGE LOWE, GILBERT LOWE,
ARNOLD ROWE, ANNIE ROWE,
MARVIN POE, MAVIS POE,
RANDY PURCELL, STEVEN L.
BROWN, JR., MS. WRIGHT, L.
MAXWELL, MR. PHILLIPS, FRANK
E. RUYBALID, ALAN STUMP, MR.
D. ROBERTSON, and MR. J.
HADLEY,

      Defendants - Appellees.

No. 00-1070

D. Colo.

(D.C. No. 99-Z-2040)

## ORDER AND JUDGMENT [*]

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. [**]

Mr. Martinez, proceeding pro se, appeals the district court's dismissal of his civil rights action. The district court dismissed Mr. Martinez's amended complaint in part as legally frivolous, under <u>Neitzke v. Williams</u> , 490 U.S. 319, 324 (1989), in part as barred by the rule in <u>Heck v. Humphrey</u> , 512 U.S. 477, 487 (1994) (stating that when judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated,") and in part for failure to exhaust state remedies.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Mr. Martinez's claims are difficult to understand. We construe his complaint liberally because Mr. Martinez is proceeding pro se, but we cannot be his advocate. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Mr. Martinez appears to challenge the validity of two state court convictions. Mr. Martinez seeks monetary damages and expungement of the convictions. As to his claims for monetary relief, we agree with the district court that Mr. Martinez's claims are barred under Heck and should be dismissed without prejudice.

To the extent Mr. Martinez is only seeking expungement of his criminal convictions, a § 1983 action is not the proper vehicle. The Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481, 522; Carson v. Johnson, 112 F.3d 818, 820 (10th Cir. 1997) ( stating that "[g]enerally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures"). Thus the district court properly concluded that, because there is no evidence Mr. Martinez has exhausted his state court remedies, or that no adequate state remedies are available or effective to protect Mr. Martinez's rights, his claims seeking expungement of his criminal convictions should also be dismissed.

Mr. Martinez's remaining claims list a litany of challenges to the conditions of his confinement, including chronic headaches; restricted document preparation materials; being forced drinking tap rather than bottled water; having his clothing, bedding, toothbrush, and similar articles handled with unclean hands; continuing headaches and neck aches; stress from fear of being transferred and suffering from restricted privileges; and being forced to eat unpalatable and unwholesome food. From a review of Mr. Martinez's contentions and the entire record on appeal, we conclude that the district court properly dismissed these claims as well.

We therefore AFFIRM the dismissal of Mr. Martinez's complaint for substantially the reasons set forth in the district court's orders dated January 12, 2000.

Entered for the Court,


Robert H. Henry
Circuit Judge

-4-