IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10115
Summary Calendar
_____


ARTHUR W. CARSON,

                                        Plaintiff-Appellant,

                          versus

JIM BOWLES, Sheriff; A. L. THORNTON;
JOHN PRICE,

                                        Defendants,
and

ADRIAN COLLYNS,

                                        Defendant-Appellee.
_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:89-CV-2116-H
_____

January 17, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Texas prisoner Arthur Carson appeals the grant of summary judgment for Dr. Adrian Collyns. Carson contends: 1) the district court erred by granting summary judgment for Collyns; 2) the district court erred by granting summary judgment without granting Carson's motions to amend his complaint to add the correct

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

defendants; 3) the magistrate judge should have been recused; 4) the district court erred by dismissing his retaliation claim against defendant Thornton and dismissing his medical care claim against defendant Bowles; and 5) the magistrate judge held a defective Spears[1] hearing.

We have reviewed the briefs and the record and have determined that Collyns carried his burden of showing no genuine issue of material fact. Carson did not carry his burden of showing the existence of a genuine issue for trial. The district court need not have granted Carson a continuance to obtain a written deposition from Lieutenant Stroud; beyond his allegation that Stroud had submitted his grievances to Collyns, he did not indicate how Stroud's written deposition would create an issue of material fact. The documents Carson attached to his objections to the magistrate judge's report were submitted too late for consideration by the district court.

Carson's motions to amend his complaint were unrelated to his medical care claims. The district court need not have allowed him to amend his complaint.

Adverse rulings alone do not call into question a judge's impartiality. Carson's contention that the magistrate judge should have been recused is unavailing.

---

[1]Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

-2-

Carson named only Collyns as a defendant in his notice of appeal and indicated that he wished to appeal the district court's grant of summary judgment on January 18, 1995. Carson did not indicate that he wished to appeal the August 13, 1991 dismissal of his claims against Bowles, Price, and Thornton for failure to state a claim. Carson did not give fair notice to those three defendants that he wished to appeal the dismissal of his claims against them. We lack jurisdiction to consider Carson's contentions regarding the dismissal of his complaint regarding Bowles, Price, and Thornton for failure to state a claim.

Carson obtained a favorable outcome in the Spears hearing regarding his medical care claim against Collyns; his claim was allowed to proceed. Carson cannot complain about any defects at the hearing regarding the medical claim against Collyns. Because we lack jurisdiction to consider Carson's substantive claims against any other defendants, we need not consider Carson's contentions about any defects at the Spears hearing that might have affected those claims.

The summary judgment for Collyns is AFFIRMED. Carson's appeal of the dismissal of his complaint against the other defendants for failure to state a claim is DISMISSED.

AFFIRMED and DISMISSED.