**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 96-41003.

Arthur X. CARSON, Plaintiff-Appellant,

v.

Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Defendant-Appellee.

May 15, 1997.

Appeal from the United States District Court for the Eastern District of Texas.

Before SMITH, BARKSDALE and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Texas state prisoner # 517349, Arthur Carson, proceeding *pro se* and *in forma pauperis* ("IFP"), appeals the construction of his habeas corpus petition as a 42 U.S.C. § 1983 suit, its dismissal, sanctions imposed upon him, and an order barring him from filing further actions IFP. Concluding that his petition is properly characterized as a § 1983 suit and that he is barred from proceeding IFP by 28 U.S.C. § 1915(g), we dismiss the appeal.

I.

Carson alleges that he was placed in administrative segregation on the basis of his criminal conviction and his previous disciplinary offenses. He further states that the parole board will not grant parole to prisoners in administrative segregation. Finally, he claims that his placement is not reviewed as often as prison policy requires.

1

Carson filed in the district court for a writ of habeas corpus, contending that his placement in administrative segregation violates the Double Jeopardy and Ex Post Facto Clauses of the Constitution. The district court, adopting the recommendation of the magistrate judge, held that Carson's complaint was properly characterized as a civil rights suit under 42 U.S.C. § 1983 and dismissed it as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[1] The court then sanctioned Carson $250 for his frequent filing of frivolous complaints and barred him from further filings under 28 U.S.C. § 1915(g).

The district court granted Carson leave to proceed IFP on appeal. Pursuant to *Jackson v. Stinnett,* 102 F.3d 132, 136-37 (5th Cir.1996), Carson has paid the partial filing fees required by 28 U.S.C. § 1915(a)-(b), as amended by the PLRA.

## II.

### A.

Section 804(c) of the PLRA added § 1915(g), which prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim. *See Adepegba v. Hammons,* 103 F.3d 383, 385 (5th Cir.1996). This provision often is referred to as the " "three strikes' provision." *Id.* It states:

---

[1]Before the passage of the Prison Litigation Reform Act ("PLRA") of 1995, Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, § 804(a), Pub.L. No. 104-134, 110 Stat. 1321 (1996) (to be codified at 28 U.S.C. § 1915), § 1915(d) authorized the dismissal of frivolous or malicious actions.

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## B.

In considering the effect of the "three strikes" provision, we first must determine whether Carson's action falls under the PLRA's definition of "a civil action or proceeding." This requires us to determine (1) whether the PLRA applies to a habeas petition under 28 U.S.C. § 2254 and (2) whether Carson's action is properly characterized as a habeas petition or a § 1983 suit.

The PLRA requirements do not apply to habeas actions under 28 U.S.C. § 2255. *See United States v. Cole,* 101 F.3d 1076, 1077 (5th Cir.1996). We gave three reasons for this conclusion. First, "habeas proceedings are often determined to be outside the reach of the phrase "civil action.' " *Id.* (quoting *Santana v. United States,* 98 F.3d 752, 754-55 (3d Cir.1996)) (some internal quotations marks omitted).

Second, we noted that Title I of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, §§ 101-108, Pub.L. No. 104-132, 110 Stat. 1214, 1217-26 (1996) (to be codified at 28 U.S.C. § 2244-2266; FED. R.APP. P. 22), which became effective two days before the PLRA did, contained separate procedures for addressing abuses of the habeas process. We held that this fact strongly suggests that Congress did not intend the PLRA to apply to

3

habeas petitions. *See Cole,* 101 F.3d at 1077 (quoting *Reyes v. Keane,* 90 F.3d 676, 678 (2d Cir.1996)).

Finally, we recognized that applying the three strikes provision to habeas petitions "would be contrary to a long tradition of ready access of prisoners to federal habeas corpus...." *Id.* (quoting *Martin v. United States,* 96 F.3d 853, 855-56 (7th Cir.1996)) (internal quotation marks omitted). We were reluctant to find that Congress intended to end this longstanding tradition absent more certain language.

All of these rationales apply with equal, if not greater, force to 28 U.S.C. § 2254 petitions, which often are considered something different from traditional civil actions. The AEDPA's new procedures apply to habeas petitions reviewing state convictions as well as those reviewing federal convictions. The tradition of ready access to federal habeas relief is well-established for state prisoners. Therefore, we conclude that the new PLRA requirements do not apply to habeas petitions under § 2254.

C.

Carson states that the district court erred by construing his habeas petition as a § 1983 suit. Because the PLRA does not apply to habeas petitions under 28 U.S.C. § 2254, we must resolve this issue before deciding whether Carson may continue to proceed IFP on this appeal. If the district court erred, and Carson's suit was a

habeas suit, the PLRA does not apply, and Carson may proceed IFP.[2]

Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir.1989).

The distinction is blurry, however, when, as here, a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody. We have adopted a simple, bright-line rule for resolving such questions. If "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied,* --- U.S. ----, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a § 1983 suit.

According to Carson, reassignment from administrative segregation would make him eligible for parole. He has not alleged that such reassignment would automatically shorten his sentence or lead to his immediate release. The parole decision still would be within the discretion of the parole board.

This circumstance is indistinguishable from that in *Cook.*

---

[2]Whether he could appeal at all without obtaining a certificate of appealability, *see* 28 U.S.C. § 2253(c), as amended by § 102 of the AEDPA, is another question, one which we do not reach.

There, a prisoner challenged the parole board's procedure of considering voided prior convictions in deciding whether to grant parole. *See Cook,* 37 F.3d at 167. Because a successful suit "would *merely enhance* eligibility for accelerated release" and thus "has an *indirect* impact on the determination of whether a claimant eventually receives parole," we held that the prisoner had brought a § 1983 action. *Id.* at 168.

Carson's suit is properly characterized as a § 1983 suit, which is a civil action or proceeding within the meaning of the PLRA. Accordingly, we must apply the new PLRA requirements to Carson's appeal.

### III.

### A.

Carson argues that the "three strikes" provision of the PLRA is unconstitutional because it blocks access to the courts and discriminates against prisoners, presumably in violation of the Due Process Clause, U.S. CONST. amend. V.[3] We disagree.

### B.

Section 1915(g) does not prevent a prisoner with three strikes

---

[3] *See Adarand Constructors, Inc. v. Pena,* --- U.S. ----, ----, 115 S.Ct. 2097, 2108, 132 L.Ed.2d 158 (1995) (stating that the Due Process Clause guarantees equal protection). Carson also alleges that the PLRA violates the separation-of-powers doctrine. He does not explain this assertion, other than by stating that "congress wrongly meddled with the judiciary." This is insufficient to preserve this argument. *See Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 260 n. 9 (5th Cir.1995) (holding that "failure to provide any legal or factual analysis of an issue results in waiver"); *United States v. Maldonado,* 42 F.3d 906, 910 n. 7 (5th Cir.1995) (reasoning that failure to do more than vaguely refer to an issue constitutes waiver).

6

from filing civil actions; it merely prohibits him from enjoying IFP status. He still has the right to file suits if he pays the full filing fees in advance, just like everyone else.

Although the Constitution requires the waiver of filing fees in criminal cases, *see Mayer v. Chicago,* 404 U.S. 189, 195-96, 92 S.Ct. 410, 415-16, 30 L.Ed.2d 372 (1971) (non-felonies); *Griffin v. Illinois,* 351 U.S. 12, 18-20, 76 S.Ct. 585, 590-91, 100 L.Ed. 891 (1956) (felonies), its requirements are less onerous in civil cases. In the civil context, the test is whether the litigant has a "fundamental interest at stake." *M.L.B. v. S.L.J.,* --- U.S. ----, ----, 117 S.Ct. 555, 562, 136 L.Ed.2d 473 (1996). If he does, the courts must waive filing fees if he is unable to pay.

Examples of proceedings that implicate fundamental interests are divorce actions, *see Boddie v. Connecticut,* 401 U.S. 371, 376, 91 S.Ct. 780, 785, 28 L.Ed.2d 113 (1971), and terminations of parental rights, *see M.L.B.,* --- U.S. at ----, 117 S.Ct. at 568. Examples of interests that do not rise to this level are bankruptcy filings, *see United States v. Kras,* 409 U.S. 434, 444-45, 93 S.Ct. 631, 637-38, 34 L.Ed.2d 626 (1973), and welfare benefit determinations, *see Ortwein v. Schwab,* 410 U.S. 656, 659, 93 S.Ct. 1172, 1174, 35 L.Ed.2d 572 (1973) (per curiam).

Carson seeks reassignment from administrative segregation. Prisoners have no liberty interest in avoiding disciplinary segregation, at least where the status does not "inevitably affect the duration of [the] sentence." *Sandin v. Conner,* --- U.S. ----, ----, 115 S.Ct. 2293, 2302, 132 L.Ed.2d 418 (1995). Carson does

7

not have a fundamental interest in his placement and thus is not entitled to waiver of filing fees.

C.

Carson's claim of discriminatory treatment is similarly without merit. Neither prisoners nor indigents constitute a suspect class. *See Harris v. McRae,* 448 U.S. 297, 323, 100 S.Ct. 2671, 2691, 65 L.Ed.2d 784 (1980) (indigents); *United States v. King,* 62 F.3d 891, 895 (7th Cir.1995) (prisoners); *see also City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440-41, 105 S.Ct. 3249, 3254-55, 87 L.Ed.2d 313 (1985) (listing suspect classes). As explained above, Carson has no fundamental personal right at stake. Therefore, we review the PLRA to determine whether it is "rationally related to a legitimate state interest." *City of New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976) (per curiam).

It can hardly be doubted that deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest. *Cf. Schlup v. Delo,* 513 U.S. 298, ----, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995) (noting the societal interest in the "conservation of scarce judicial resources"). It is similarly undebatable that prohibiting litigants with a history of frivolous or malicious lawsuits from proceeding IFP will deter such abuses. The only question is whether the distinction drawn between prisoners and other litigants is rational.

We agree with the Fourth and Sixth Circuits, and find that

8

this distinction is rational. *See Roller v. Gunn,* 107 F.3d 227, 233-34 (4th Cir.1997); *Hampton v. Hobbs,* 106 F.3d 1281, 1286-87 (6th Cir.1997). Prisoners have substantially more free time than do non-prisoners and are provided with food, housing, paper, postage, and legal assistance by the government. *See Roller,* 107 F.3d at 234.

Furthermore, "pro se civil rights litigation has become a recreational activity for state prisoners," *Gabel v. Lynaugh,* 835 F.2d 124, 125 n. 1 (5th Cir.1988) (per curiam), and prisoners have abused the judicial system in a manner that non-prisoners simply have not.[4] Carson's own lengthy litigation history is the strongest possible argument for the PLRA's rationality.[5]

---

[4]*See Hampton,* 106 F.3d at 1286-87 (citing 141 CONG. REC. S7256 (daily ed. May 25, 1995) (statement of Sen. Kyl) (noting the prevalence of meritless prisoner lawsuits)).

[5]*See, e.g., In re Carson,* 500 U.S. 931, 111 S.Ct. 2067, 114 L.Ed.2d 472 (1991) (denying writ of mandamus);*Carson v. Bowles,* No. 95-10115, 77 F.3d 479 (5th Cir. Jan.17, 1996) (per curiam) (unpublished) (affirming summary judgment for defendant); *In re Carson,* No. 95-00138 (5th Cir. July 11, 1995) (per curiam) (unpublished) (denying writ of mandamus); *Carson v. Texas Dep't of Criminal Justice-Parole Div.,* No. 95-50039, 62 F.3d 393 (5th Cir. June 29, 1995) (per curiam) (unpublished) (affirming dismissal of civil rights case, finding appeal frivolous, and imposing sanctions), *cert. denied,* --- U.S. ----, 116 S.Ct. 571, 133 L.Ed.2d 495 (1995); *Carson v. Aguilera,* No. 93-5432, 36 F.3d 90 (5th Cir. Sept. 13, 1994) (per curiam) (unpublished) (affirming judgment for defendants); *Carson v. Denby,* No. 94-40322, 30 F.3d 1492 (5th Cir. July 19, 1994) (per curiam) (unpublished) (reversing dismissal of civil rights case as frivolous); *Carson v. Kent,* No. 93-5462 (5th Cir. May 25, 1994) (per curiam) (unpublished) (dismissing appeal as frivolous); *Carson v. Perry,* No. 93-4375, 8 F.3d 21 (5th Cir. Oct.22, 1993) (per curiam) (unpublished) (affirming summary judgment in part, vacating and remanding in part), *appeal after remand,* No. 95-40551, 91 F.3d 138 (5th Cir. June 6, 1996) (per curiam) (unpublished) (affirming summary judgment); *Carson v. Bowles,* No. 92-9089, 4 F.3d 990 (5th Cir. Aug.30, 1993) (per curiam) (unpublished) (affirming denial of qualified immunity);

IV.

We have dismissed, as frivolous, one appeal by Carson. *See Carson v. Kent,* No. 93-5462 (5th Cir. May 25, 1994) (per curiam) (unpublished). This counts as a "strike." *See Adepegba,* 103 F.3d at 388.

Twice, we have affirmed a district court's dismissal, for frivolousness, of complaints filed by Carson. *See Carson v. Hernandez,* No. 91-1528, 949 F.2d 1158 (5th Cir. Nov. 22, 1991) (per curiam) (unpublished), *cert. denied,* 503 U.S. 974, 112 S.Ct. 1594, 118 L.Ed.2d 310 (1992); *Carson v. Peterson,* No. 91-2618, 949 F.2d 1158 (5th Cir. Nov. 20, 1991) (per curiam) (unpublished), *cert. denied,* 503 U.S. 990, 112 S.Ct. 1685, 118 L.Ed.2d 400 (1992). Now that these dismissals by the district court are final, they too count as strikes. *See Adepegba,* 103 F.3d at 387-88.

Therefore, because Carson has at least three strikes, he may not proceed IFP in this or any other federal lawsuit which does not involve "imminent danger of serious physical injury." He may resume any claims dismissed under § 1915(g) under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. *See Adepegba,* 103 F.3d at 388.

The appeal is DISMISSED.

---

*Carson v. Waldron,* No. 92-4375, 978 F.2d 709 (5th Cir. Oct.21, 1992) (per curiam) (unpublished) (affirming dismissal of civil rights case as frivolous); *Carson v. Hernandez,* No. 91-1528, 949 F.2d 1158 (5th Cir. Nov. 22, 1991) (per curiam) (unpublished) (same), *cert. denied,* 503 U.S. 974, 112 S.Ct. 1594, 118 L.Ed.2d 310 (1992); *Carson v. Peterson,* No. 91-2618, 949 F.2d 1158 (5th Cir. Nov. 20, 1991) (per curiam) (unpublished) (same), *cert. denied,* 503 U.S. 990, 112 S.Ct. 1685, 118 L.Ed.2d 400 (1992).