IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40087
Summary Calendar
_____

TIMOTHY A. AGUILAR,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, Etc., ET AL.,

                                        Defendants,

DONALD CHASTAIN, Coffield Unit,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-188
- - - - - - - - - -

October 5, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Timothy A. Aguilar, #647166, appeals from the jury verdict
in favor of defendant Donald Chastain in his 42 U.S.C. § 1983
action.  Aguilar sought to proceed in forma pauperis (IFP) on
appeal.  The district court denied Aguilar's motion to proceed
IFP, concluding that Aguilar was barred from proceeding IFP

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because he had three "strikes" under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act of 1995 (PLRA).

The "three strikes provision" of § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997) (citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)). A dismissal as frivolous of a complaint underlying an appeal is not counted, for purposes of § 1915(g), against a prisoner-litigant until the appellate process has been exhausted or waived. See Adepegba, 103 F.3d at 387. The dismissal in the district court as frivolous and the subsequent dismissal of that appeal as frivolous counts as two "strikes." Id.

The district court, relying on this court's opinion in Aguilar v. Rodriquez, No. 97-50667 (5th Cir. Sept. 3, 1998), denied Aguilar's motion to proceed IFP. In Rodriquez, this court determined that Aguilar had three strikes for the purpose of § 1915(g).

Aguilar is no stranger to federal court, having appeared seven times. Aguilar has had one prior civil rights action dismissed as frivolous. See Aguilar v. Terrell, No. 6:91-CV-678 (E.D. Tex. Feb. 24, 1992). That dismissal counts as one strike. Adepegba, 103 F.3d at 387. The dismissal as frivolous of Aguilar's appeal in Rodriquez counts as Aguilar's second strike. Id.

Given that Aguilar only had two strikes, this court's imposition of the three-strikes bar in Rodriquez was error.

Accordingly, the district court's determination that Aguilar was barred from proceeding IFP on appeal because he had three strikes, which was based on this court's opinion in <u>Rodriguez</u>, was also error.  The judgment of the district court denying Aguilar's motion to proceed IFP on appeal is VACATED, and the cause is REMANDED to the district court "to conduct any applicable financial screening and assessment procedures required under the PLRA."  <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997).

Aguilar is cautioned, however, that if this appeal is determined to be frivolous, the three-strikes bar of § 1915(g) will become effective.  We urge him to review the issues that can be presented in this appeal, following a jury verdict against him, to determine whether this appeal is frivolous too.

VACATED AND REMANDED.