IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10090
Conference Calendar

_____

PEDRO ORTEGA,

Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-248-C
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

     Pedro Ortega (#84749-080), a federal prisoner, petitioned the district court for a writ of mandamus compelling the Immigration and Naturalization Service ("INS") to "drop deportation proceedings and/or provide a hearing at the earliest possible time."  The district court concluded that Ortega had failed to state a claim for mandamus relief and entered judgment dismissing the petition.  Ortega appeals.

     Mandamus is an extraordinary remedy reserved for extraordinary circumstances.  In re Am. Marine Holding Co., 14

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 276, 277 (5th Cir. 1994). Mandamus may issue only when (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other available remedy. Smith v. North La. Med. Review Ass'n, 735 F.2d 168, 172 (5th Cir. 1984). It is not available to review the discretionary acts of officials. Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992) (limiting grant of mandamus to actions in which a clear duty arises under the Constitution or a statute). This court reviews the denial of a writ of mandamus to determine whether the petitioner has shown a clear and indisputable right to the writ. Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants, 17 F.3d 130, 133 (5th Cir. 1994).

Ortega argues only that the INS has abused its discretion in failing to hold an immediate deportation hearing in violation of its own guidelines and that the failure of the INS to hold an immediate deportation has caused him to suffer "emotional and psychological stress." Ortega has failed to show that he has a "clear and indisputable right" to issuance of a writ of mandamus. Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. Rule 42.2.

The three strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding in forma pauperis ("IFP") if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997). We caution Ortega that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in

any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED.