IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50373
Conference Calendar
_____

JIMMIE BATISTE,

                                        Plaintiff-Appellant,

versus

DAVID MOYA; ET AL.,

                                        Defendants,

RUSSELL WEST; RAYMOND NOBLE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-86
--------------------
August 22, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

     Jimmie Batiste, Texas prisoner # 531735, has filed a motion for leave to proceed *in forma pauperis* (IFP) on appeal, following the district court's denial of relief on his civil rights action after a nonjury trial. By moving for IFP status, Batiste is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is frivolous

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Batiste argues that the district court's refusal to grant him IFP status on appeal violates the Due Process Clause and the Equal Protection Clause.  This court has already ruled that the Prison Litigation Reform Act (PLRA) does not violate either one. See Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997). Batiste has not shown that he will raise a nonfrivolous issue on appeal.  Accordingly, we uphold the district court's order certifying that the appeal is frivolous.  Batiste's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2

The dismissal of this appeal as frivolous counts as a "strike" for purposes of § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Batiste is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.