IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20717
Conference Calendar
_____

ESEQUIEL RODRIGUEZ,

Plaintiff-Appellant,

versus

BABBILI ANANDA; U.S. STAFF
ATTORNEY'S OFFICE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-246
--------------------

February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Esequiel Rodriguez, Texas prisoner # 421876, appeals the dismissal of his in forma pauperis ("IFP") 42 U.S.C. § 1983 lawsuit asserting that he has been denied medical treatment. The district court determined that Rodriguez was barred from proceeding IFP by the "three-strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because, on at least four prior occasions, he has filed civil lawsuits which have been dismissed as frivolous or for failure to state a claim.

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez does not challenge this determination, and any argument that the district court's finding was error is waived. See Yohey v. Collins, 985 F.2d 222, 223-24 (5th Cir. 1995). Instead, Rodriguez asserts that his lawsuit was not a 42 U.S.C. § 1983 action but was a 28 U.S.C. § 2254 habeas corpus petition. He is incorrect. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); see also Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997).

Rodriguez has made no showing that he was in imminent danger of serious physical injury at the time the instant suit was filed, and he has therefore failed to demonstrate any error in the district court's dismissal. See 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998). Rodriguez is thus BARRED from proceeding IFP under 28 U.S.C. § 1915(g), his IFP status is REVOKED, and he may not bring a civil action or appeal a judgment in a civil action or proceeding under § 1915 while incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. See § 1915(g). The appeal is DISMISSED.

Rodriguez has 30 days from the date of this opinion to pay the full appellate filing fee of $105 to the clerk of the district court, should he wish to reinstate his appeal. Rodriguez's motion for release pending appeal is DENIED.

IFP REVOKED; APPEAL DISMISSED; MOTION DENIED.