IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10849
Conference Calendar

_____

ROQUE T. ARANDA,

                                        Plaintiff-Appellant,

versus

JON KEY, Gaines County Sheriff; RICKY B. SMITH, District
Attorney; GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; BOARD OF PARDONS
AND PAROLES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-198-C
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Roque T. Aranda, Texas prisoner # 805045, appeals the
dismissal of his 42 U.S.C. § 1983 complaint in which he alleged
that his sentence had been improperly enhanced by the use of
unauthenticated prior conviction records and that the Texas Board
of Pardons and Paroles was improperly using those prior
conviction records against him.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Aranda's claim that his sentence was improperly enhanced is not cognizable because neither his conviction nor his sentence has been invalidated.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Aranda's claim against the Texas Board of Pardons and Paroles is also without merit.  Since, in Texas, it is entirely speculative whether an inmate will actually obtain parole, there is no constitutional expectancy of parole.  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).  Because Aranda cannot show the violation of a clearly established constitutional right to parole, his 42 U.S.C. § 1983 claim must fail.  See West v. Atkins, 487 U.S. 42, 48 (U.S. 1988).

Aranda's appeal is without arguable merit.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  It is DISMISSED.  See 5th Cir. R. 42.2.

The three-strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim."  Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997) (citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)).  Aranda has previously had at least one strike against him.  Aranda v. Millsaps, No. 99-11394 (5th Cir. Aug. 29, 2000).  Aranda has acquired another two strikes as a result of this frivolous complaint and appeal.  See Adepegba, 103 F. 3d at 386-88.  Additionally, Aranda today accumulates two more strikes in another appeal before this court.  Aranda v. Shaw, No. 00-10844.  He now has at least five strikes.  Accordingly, Aranda

may no longer proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.