IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20065
Conference Calendar
_____


ROQUE T. ARANDA,

                                         Plaintiff-Appellant,

versus

RICK PERRY, Governor; WAYNE SCOTT, Director, Texas
Department of Criminal Justice; GERALD BARRETT; U.S.
DEPARTMENT OF JUSTICE - INS DIVISION; JOHN ASHCROFT, U.S.
Attorney General; GARY JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                         Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2532
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Roque T. Aranda, Texas prisoner # 805045, appeals the
district court's dismissal without prejudice of his 42 U.S.C.
§ 1983 complaint for failure to comply with a court order.  He
also appeals the district court's order denying him permission to
file a new 42 U.S.C. § 1983 complaint.

    Aranda has failed to brief the relevant issues, as he has
provided neither argument nor authorities to show that the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court erred in dismissing his suit or in denying him permission to file a new complaint. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Accordingly, this appeal is dismissed as frivolous. 5th Cir. R. 42.2.

The three-strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997)(citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)). Aranda has previously had at least five strikes against him. Aranda v. Key, No. 00-10849 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); Aranda v. Shaw, No. 00-10844 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); Aranda v. Millsaps, No. 99-11394 (5th Cir. Aug. 29, 2000). Additionally, Aranda has recently been reminded of the § 1915(g) bar in five other appeals which were before this court. See Aranda v. Cason, No. 00-10848 (5th Cir. Apr. 12, 2001); Aranda v. Wilson, No. 00-21035 (5th Cir. Apr. 12, 2001); Aranda v. Hirsch, No. 00-10850 (5th Cir. Apr. 12, 2001); Aranda v. Scott, No. 00-21129 (5th Cir. Apr. 12, 2001); Aranda v. Wilson, No. 00-20968 (5th Cir. Apr. 12, 2001). Aranda filed this appeal before the § 1915(g) bar was imposed. He is reminded that he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED.