IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-10545
Conference Calendar

---

ROQUE T. ARANDA,

Plaintiff-Appellant,

versus

UNITED STATES GOVERNMENT,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-379-C
--------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roque T. Aranda, Texas prisoner # 805045, has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal of his 42 U.S.C. § 1983 complaint. By moving for IFP, Aranda is challenging the district court's certification that IFP should not be granted on appeal because his appeal presents no nonfrivolous issues. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Aranda conclusionally asserts that the dismissal of his complaint was the result of a vindictive clerk of court. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that his claims were not repetitive or duplicative and that the district court should not have dismissed his complaint as malicious under 28 U.S.C. § 1915(g).  However, he admits that his complaint is "based on the outcome of a pending case" against a federal agent and that he had requested that his complaint be held in abeyance pending the resolution of another claim which he had pending against the same agent.

Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues.  Aranda's request for IFP status is denied, and his appeal is dismissed as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  All outstanding motions are denied.

The three-strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim."  Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997)(citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)).  Aranda has previously had at least five strikes against him.  Aranda v. Key, No. 00-10849 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); Aranda v. Shaw, No. 00-10844 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); Aranda v. Millsaps, No. 99-11394 (5th Cir. Aug. 29, 2000).  Aranda is reminded that he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP MOTION DENIED. APPEAL DISMISSED. ALL OUTSTANDING

MOTIONS DENIED.