IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11536
Summary Calendar

_____

JOHNNY DWAYNE STATEN,

Petitioner-Appellant,

versus

GERALD GARRET, Director Texas Board of Pardons and
Paroles; PRICE DANIEL, SR.; MIKE MCGUIRE, Captain,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-597-A
--------------------
April 29, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Johnny Dwayne Staten, Texas prisoner #682286, appeals the district court's order construing his petition for a writ of habeas corpus as a civil complaint under 42 U.S.C. § 1983 and requiring him to pay the filing fee for such complaint based on his having at least three "strikes" under 28 U.S.C. § 1915(g). The district court later dismissed the complaint for failure to prosecute based on Staten's failure to comply with its order.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Staten argues that because he was released to mandatory supervision rather than parole, he should not be housed in a halfway house with paroled sex offenders. He argues that he thus is "illegally incarcerated in law and fact."

The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). A 42 U.S.C. § 1983 civil rights suit, on the other hand, is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997).

None of Staten's claims would entitle him to release from custody. The district court did not err by construing the complaint as arising under 42 U.S.C. § 1983. See Carson, 112 F.3d at 820. Carson does not challenge the court's determination that he has three "strikes" under the PLRA. Accordingly, any such argument is waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The judgment of the district court is AFFIRMED.