IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10405
Summary Calendar
_____

HUBERT EARL TEAGUE,

                                        Plaintiff-Appellant,

versus

SAMUEL J. WOLFE; JOSEPH C. BOYLE; JIMMY O. BOWMAN;
BETTY A. GANUS; JAMES D. MOONEYHAM; RICHARD E. WATHEN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-13-R
--------------------
July 30, 2002

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

     Hubert Earl Teague, Texas prisoner #834818, moves for leave
to proceed in forma pauperis (IFP) following the district court's
determination pursuant to 28 U.S.C. § 1915(a)(3) that his appeal
was taken in bad faith.  Teague challenges the district court's
determination that his appeal is taken in bad faith and contends
that his 42 U.S.C. § 1983 action was not barred by *Edwards v.*

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994), on the basis that he need not seek habeas relief before seeking 42 U.S.C. § 1983 relief because he was not entitled to release on mandatory supervision under the Texas mandatory supervision scheme applicable to offenses that occurred on or after September 1, 1996.

By arguing that the scheme does not create a liberty interest in mandatory supervision release, Teague effectively has abandoned his underlying due process claim. *In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 439 n.6 (5th Cir. 1982); *see Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000)(addressing mandatory supervision scheme applicable to offenses that occurred before September 1, 1996). Teague makes no argument regarding whether his claim regarding the administrative hold allegedly placed on his account was barred by *Edwards* and *Heck*. He has abandoned that contention for appeal. *In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 439 n.6.

The district court's dismissal of Teague's action and our dismissal of his appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). Teague previously had an action dismissed for failing to state a claim. *Teague v. El Paso Commissioners Court*, No. 88-CV-509 (W.D. Tex. May 2, 1991). Because he has accumulated more than three "strikes" under 28 U.S.C. § 1915(g), Teague is BARRED from proceeding IFP in any civil action or

appeal unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Carson v. Johnson*, 112 F.3d 818, 819 (5th Cir. 1997).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS, 5TH CIR. R. 42.2; THREE-STRIKES BAR IMPOSED.