IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10172
Conference Calendar
_____

KIERON DEREK PENIGAR,

Plaintiff-Appellant,

versus

BELL HELICOPTER TEXTRON INC,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-473-A
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

Kieron Derek Penigar, Texas prisoner # 721657, appeals the
district court's dismissal of his civil rights complaint for lack
of jurisdiction.  This court previously dismissed Penigar's suit
for lack of federal jurisdiction.  See Penigar v. Bell Helicopter
Textron, Inc., No. 01-10864 (5th Cir. Dec. 28, 2001)
(unpublished).  The law of the case doctrine bars the re-
examination of an issue that this court has previously decided.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

See Free v. Abbott Labs. Inc., 164 F.3d 270, 271-72 (5th Cir. 1999). Penigar fails to establish any credible exception to this doctrine. See id.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). In addition, Penigar accumulated two strikes with the dismissal of the appeal in Penigar v. Johnson, No. 01-11290 (5th Cir. Feb. 20, 2002) (unpublished). Because he has accumulated three strikes under 28 U.S.C. § 1915(g), Penigar is BARRED from proceeding in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.