IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20247
Conference Calendar
_____

ROGER LEE DICKERSON,

                                        Plaintiff-Appellant,

versus

K. HILL; M. BROCK; L. ARNOLD; C. PRICE; FRED FIGUEROA;
BILL LEWIS; GARY JOHNSON, Director, Texas Department of
Criminal Justice; WAYNE SCOTT, Director, Texas Department
of Criminal Justice,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-231
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Roger Lee Dickerson (TDCJ # 371312) appeals the district

court's dismissal as frivolous of his pro se and in forma

pauperis (IFP) civil rights complaint wherein he alleged that he

was denied access to the courts in retaliation for his prior

legal activities, and that the prison's supervisory officials had

unfairly denied his grievances relating to such.  The district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court dismissed Dickerson's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) after determining that Dickerson had not identified any specific injury suffered by the denial of adequate library time or legal materials, and that in none of Dickerson's pending cases was he unable to maintain the lawsuit. Although he summarily asserts that the defendants violated his constitutional rights, Dickerson does not address the basis of the district court's dismissal of his complaint.

An appellant's brief must contain an argument on the issues that are raised so that this court may know what action of the district court is being complained of. Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995). There is no exemption for pro se litigants, although this court liberally construes their briefs. Id. Because Dickerson has briefed no argument with respect to the merits of the district court's order of dismissal, he has waived any challenge to the merits of such decision. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

Dickerson's appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the appeal is DISMISSED. See 5TH CIR. R. 42.2.

The dismissal of the complaint as frivolous in the district court, and the dismissal of this appeal each count as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d

383, 387-88 (5th Cir. 1996).  In addition, Dickerson accumulated two strikes when this court affirmed the dismissal as frivolous of his complaint in <u>Dickerson v. Johnson</u>, No. 00-20231 (5th Cir. Sept. 14, 2000), and in <u>Dickerson v. Jordan</u>, No. 01-21106 (5th Cir. March 26, 2002).  Because he has accumulated more than three "strikes" under 28 U.S.C. § 1915(g), Dickerson is BARRED from proceeding IFP in any civil action or appeal unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g); <u>Carson v. Johnson</u>, 112 F.3d 818, 819 (5th Cir. 1997).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.