**Kavin Lee PEEPLES, Plaintiff–Appellant,**

v.

**Margaret BRADSHAW, Warden, Defendant–Appellee.**

**No. 04–3261.**

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2004.

Kavin Lee Peeples, Mansfield, OH, pro se.

Before KRUPANSKY and CLAY, Circuit Judges; and HAYNES, District Judge.*

*ORDER*

Kavin Lee Peeples, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed R.App. P. 34(a).

Seeking an injunction and punitive damages, Peeples filed his complaint in the district court alleging that the warden violated his constitutional right of access to the courts by forcing him to choose between purchasing personal hygiene supplies or financing his legal pursuits. In addition to filing his complaint, Peeples filed an application for leave to proceed in forma pauperis. The district court denied Peeples permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

and dismissed his action without prejudice. Peeples filed a timely notice of appeal, and the district court has assessed the appellate filing fee. On appeal, Peeples contends that 28 U.S.C. § 1915(g) unconstitutionally restricts his right to access the courts and that the district court should not have dismissed his claim without reaching the merits.

Upon consideration, we affirm the district court's judgment for the reasons stated by that court. The so-called "three strikes" provision, 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action ... [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Peeples does not dispute that on at least three prior occasions, he has filed civil actions that were dismissed for failure to state a claim upon which relief may be granted. The fact that Peeples initiated his prior actions before the effective date of the Prison Litigation Reform Act, which instituted the three strikes provision, bears no consequence. *See Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998). Nor has Peeples alleged that he is in "imminent danger of serious physical injury," which would implicate the exception to the three strikes provision. Under these conditions, the district court properly denied him pauper status.

On appeal, Peeples argues that 28 U.S.C. § 1915(g) unconstitutionally restricts his right of access to the courts. This court, along with many of our sister circuits, has considered and rejected this argument. *See id.* at 604–05; *see also*
*Lewis v. Sullivan,* 279 F.3d 526, 528 (7th Cir.2002); *Higgins v. Carpenter,* 258 F.3d 797, 799–800 (8th Cir.2001); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 317–18 (3d Cir. 2001) (en banc); *Rodriguez v. Cook,* 169 F.3d 1176, 1180 (9th Cir.1999); *White v. Colorado,* 157 F.3d 1226, 1233–34 (10th Cir.1998); *Rivera v. Allin,* 144 F.3d 719, 723–24 (11th Cir.1998); *Carson v. Johnson,* 112 F.3d 818, 821 (5th Cir.1997).

Peeples also argues that his claim should not have been dismissed without reaching the merits. Because Peeples's complaint clearly fell under the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of his complaint.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.