# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-60033
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 15, 2011

Lyle W. Cayce
Clerk

GEORGE WILSON,

Plaintiff-Appellant

v.

TREY EVANS; SAM ABRAHAM; STEPHANIE GRAY; JON M. BARNWELL; GRAY EVANS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:10-MC-4

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

George Wilson, Mississippi prisoner # 36631, moves for leave to proceed in forma pauperis (IFP) on appeal. By his motion, Wilson is challenging the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

The district court dismissed the instant action because Wilson is barred from proceeding IFP pursuant to the three-strikes bar of 28 U.S.C. § 1915(g) and because he had failed to demonstrate that he was under imminent danger of serious physical injury, as is required to avoid application of the bar. Wilson concedes that he has three strikes within the meaning of § 1915(g) but argues that the bar should not apply to him because it violates his equal protection rights and his right of access to the courts, resulting in a miscarriage of justice. The argument is without merit. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Wilson fails to brief any argument that he is under imminent danger of serious physical injury or otherwise challenging the district court's determination that he had failed to make such a showing. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He has thus abandoned any challenge to the district court's reasons for dismissal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Wilson is CAUTIONED that any future frivolous filings will subject him to sanctions.