# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 11-31007
Summary Calendar

Lyle W. Cayce
Clerk

WALLACE DEEN-MITCHELL,

Petitioner-Appellant

v.

J. P. YOUNG,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CV-411

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Wallace Deen-Mitchell, federal prisoner # 51443-060, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging on due process grounds actions taken by Warden Young. We review de novo the district court's dismissal of Deen-Mitchell's § 2241 petition on the pleadings. *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).

The instant habeas petition included claims that should have been raised in a civil rights action. Those claims include the following: (1) physical and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sexual assault on Deen-Mitchell by prison personnel; (2) Young's threats and attempts to place Deen-Mitchell in a cell with his known enemies; and (3) Deen-Mitchell's placement in the Special Management Unit at FCI Oakdale, which affected his opportunity to earn good-time credits. As a favorable determination on these claims would not automatically entitle Deen-Mitchell to an accelerated release, the district court properly dismissed these claims as civil rights claims that were not properly brought in a § 2241 petition. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Deen-Mitchell's civil rights claims were reiterated in a separate action that was the subject of a separate appeal. Accordingly, those claims and Deen-Mitchell's contention that his allegations showed he was in imminent danger when he filed those claims will not be addressed here.

We turn now to the allegations that Deen-Mitchell's due process rights were violated when Young took away, on two separate occasions, 27 and 57 days of good-time credits without a hearing. We assume arguendo that federal prisoners have a liberty interest in their good-time credits. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) (analyzing whether the revocation of good-time credits for a federal prisoner's drug infraction violated due process); *but see Pepper v. United States*, 131 S. Ct. 1229, 1248 n.14 (2011) (stating that "[a]n award of good time credit by the [BOP] does not affect the length of a court-imposed sentence," and that "[s]uch credits may be revoked at any time before the date of a prisoner's release"). The "revocation of such credit must comply with minimal procedural requirements." *Henson*, 213 F.3d at 898. Those requirements include notice, an opportunity to be heard, and written findings in support of the action. *See Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974).

The magistrate judge (MJ) found that no determination could be made on Deen-Mitchell's due-process habeas claims, or even whether he had exhausted those claims, without more information regarding the actions allegedly taken by

No. 11-31007

Young. The MJ ordered Deen-Mitchell to submit all relevant documents relating to those actions and to provide more information on his claims. Deen-Mitchell replied that there had been no disciplinary proceedings prior to the forfeiture of his good-time credits. The district court determined that Deen-Mitchell had failed to comply with the MJ's order and Rule 8 of the Federal Rules of Civil Procedure and that he had thus failed to state a claim on which relief could be granted. Deen-Mitchell argues on appeal that the district court's dismissal of his petition on this basis indicates that the district court did not comprehend his allegation that there had been no disciplinary proceedings here.

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (internal quotation marks and citation omitted). The failure by prison officials to comply with their own regulations does not by itself establish a violation of due process, "because constitutional minima may nevertheless have been met." *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989) (internal quotation marks and citation omitted). Deen-Mitchell has never specified by what mechanism or under what circumstances his good-time credits were forfeited or what steps, if any, he took to challenge the forfeitures and the lack of attendant procedures. Accordingly, he has not shown that the district court's dismissal of his § 2241 petition was erroneous. *See Iqbal*, 556 U.S. at 677-78.

AFFIRMED.

3