# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40294

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2020

Lyle W. Cayce
Clerk

DON RAY WHITE,

Plaintiff-Appellant

v.

MARK DUFF; TODD HARRIS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CV-207

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Don Ray White, Texas prisoner # 512713, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if he has, on three or more occasions while incarcerated, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imminent danger of serious physical injury. White has failed to demonstrate that he was under imminent danger of serious physical injury at the time he sought to file his complaint in the district court or proceed with his appeal. *See* § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). His allegations that he was assaulted by his cellmate more than 18 months before filing this civil action and that he may suffer harm if he undergoes surgery to correct the injury to his arm resulting from that assault are insufficient to establish that he was in imminent danger of serious physical injury at the relevant times. *See* § 1915(g); *Baños*, 144 F.3d at 884–85.

In addition, White has not established that the district court acted improperly by withdrawing authorization for White to proceed IFP based on the defendants' motion to dismiss. To the extent that he is contending that a denial of IFP status would constitute discrimination based on his indigent status, we have rejected the argument that the three strikes bar of § 1915(g) violates a prisoner's right of access to the courts or his equal protection rights. *See Carson v. Johnson*, 112 F.3d 818, 821–22 (5th Cir. 1997). Thus, White's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).