IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20968
Conference Calendar
_____


ROQUE T. ARANDA,

                                        Plaintiff-Appellant,

versus

MICHAEL WILSON; WAYNE SCOTT, Director Texas Department of
Criminal Justice; FRANK HOKE; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE LAW LIBRARY PERSONNEL,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2739
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

    Roque T. Aranda, Texas prisoner # 805045, appeals the
dismissal with prejudice of his 42 U.S.C. § 1983 complaint in
which he alleged denial of access to the courts and challenged
the dismissal of previous complaints.  Aranda contends that the
district court erred in dismissing his complaint with prejudice
for failure to state a claim when he had not been given an
opportunity to amend his complaint.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Aranda, however, has provided us no basis upon which to determine that he had a viable claim that he could have included in an amended complaint. Accordingly, we must affirm the dismissal. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); Fed. R. App. P. 28(a)(9)(A).

The three-strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997)(citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)). Aranda has previously had at least five strikes against him. Aranda v. Key, No. 00-10849 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); Aranda v. Shaw, No. 00-10844 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); Aranda v. Millsaps, No. 99-11394 (5th Cir. Aug. 29, 2000). Aranda is reminded that he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED.