IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-11356

———————————

KIERON DEREK PENIGAR,

Plaintiff-Appellant,

versus

QUAY F. PARKER, 259 District Judge; GARY M. BROWN, 259th
District Attorney; ROBERT SCOTT FURGESON, Attorney, State Counsel
for Offenders; CANDACE NORRIS, Attorney, State Counsel for
Offenders; NONA CARTER, 259 District Clerk,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-219-C
--------------------
June 6, 2002

ON PETITION FOR REHEARING

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that the petition for rehearing is GRANTED.
The prior panel opinion is WITHDRAWN, and this opinion is
SUBSTITUTED therefore.

Kieron Derek Penigar (TDCJ # 721657) appeals the district
court's dismissal as frivolous of his pro se and in forma
pauperis (IFP) civil rights complaint wherein he alleged that he
was falsely charged with assaulting two prison guards.  The

———————————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court determined that the complaint was frivolous because the defendants were either immune from suit or were not state actors and because Penigar had not shown that his conviction had been set aside or terminated in his favor.

The PLRA requires a district court to dismiss a prisoner's IFP civil rights complaint if the court determines that the action is frivolous.  Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see 28 U.S.C. § 1915(e)(2)(B)(i).  An IFP complaint that lacks an arguable basis in fact or law may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

Although he argues that his claim should not have been dismissed under the principles espoused in Heck v. Humphrey, 512 U.S. 477 (1994), Penigar does not challenge the district court's determination that the defendants were either protected by immunity or were not state actors.  Any such challenge therefore is deemed waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  With respect to Penigar's claim that he was entitled to an evidentiary hearing, an evidentiary hearing is not required when the record is complete or the claimant raises only legal claims that can be resolved without the taking of additional evidence.  See Lawrence v. Lensing, 42 F.3d 255, 259 (5th Cir. 1994)(28 U.S.C. § 2254 case).

Penigar's appeal is without arguable merit and is therefore dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 220

(5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal and the dismissal as frivolous by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). In addition, Penigar accumulated two strikes with the dismissal of the appeal in Penigar v. Johnson, No. 01-11290 (5th Cir. Feb. 20, 2002) (unpublished). Because he has accumulated more than three "strikes" under 28 U.S.C. § 1915(g), Penigar is BARRED from proceeding IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.