IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60876
Summary Calendar

_____

CURTIS MALONE DIAMOND, II,

                                        Plaintiff-Appellant,

versus

STEVE WRIGHT, Attorney; RICKY H. THORNTON, Chief of Police;
FRANK MURPHY, Captain; JOE GRIFFEN, City Attorney;
EDWARD HUNT, Police Officer, Correctional Officer I;
BUCHANAN MEEKS, Judge; BRUCE BURNEY, Major; CITY OF ACKERMAN,
MISSISSIPPI,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:02-CV-289-P-D
--------------------
January 29, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mississippi prisoner Curtis Malone Diamond, II, appeals the dismissal with prejudice of his in forma pauperis (IFP) 42 U.S.C. § 1983 suit as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Diamond argues that he was denied a constitutional right when he was not given an initial appearance within 48 hours of his arrest

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as required by state law and that, therefore, he should be released.

Diamond makes no argument that the judge and the prosecutor should not have been found by the district court to be immune. Accordingly, these issues are abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review for an abuse of discretion the district court's determination that an IFP complaint is frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Diamond's argument that he should be released from confinement because he was not given an initial appearance within 48 hours is barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994). See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). Consequently, Diamond's claims that he should be released because he was not given a timely initial appearance are frivolous. Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The three-strikes provision of § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997); 28 U.S.C. § 1915(g). Diamond has acquired two strikes as a result of this frivolous complaint and appeal. See Adepegba v. Hammons, 103 F.3d 383, 386-88 (5th Cir. 1996). Diamond is

cautioned that the 28 U.S.C. § 1915(g) bar will be imposed should he accumulate another strike and he will not be allowed to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.