United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50218
Summary Calendar

RICHARD ANTHONY SALAZAR,

Plaintiff-Appellant,

versus

GENARO GONZALES, Nurse; JOHN JENKINS, Lieutenant; MICHAEL
BROWN, Correctional Officer; TODD PETERSON, Correctional
Officer; JACOB POLASEK, Correctional Officer; WALTER
RENTRIA, Correctional Officer; JERRY TREVINO, Correctional
Officer; JOELENE ZEPEDA, Correctional Officer; BENJAMIN
PUENTE, Correctional Officer Sergeant; TONY CAMPOS,
Correctional Officer; JAMES PRETHER, Correctional Officer;
SONNY ALDACO, Correctional Officer; ADOLFO JAUREGUI, Mental
Health Psycotherapist; MELINDA HUDSON, Correctional Officer;
MICHAEL MAYFIELD, Correctional Officer Sergeant; THOMAS
HINKLE, Correctional Officer Captain; OSCAR MENDOZA,
Correctional Officer Warden II; JEFFREY MARTON, Correctional
Officer Assistant Warden; KENNETH R BRIGHT, JR, Correctional
Officer Assistant Warden; CARAL COLLINS, Correctional
Officer Sergeant; SAM SERNA, Correctional Officer; KARL G
DUESER, Correctional Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-724
--------------------

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:

＊Richard Anthony Salazar (TDCJ # 897679) moves this court

for leave to proceed in forma pauperis (IFP) following the

---

＊ Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of his civil rights complaint as frivolous.  We construe Salazar's motion as a challenge to the district court's determination that the appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

In order to prove an Eighth Amendment violation in connection with his placement in administrative segregation despite his threats to cut himself, Salazar must prove that the defendants were deliberately indifferent to a substantial risk of serious harm.  See Hare v. City of Corinth, Miss., 74 F.3d 633, 648 (5th Cir. 1996).  Because Salazar has not shown that the defendants knew that he was facing a substantial risk of serious harm, his claim fails.  See id. at 648.  Salazar's claim that he did not receive medical attention for his self-inflicted injury for 90 minutes also fails because Salazar has not shown that the alleged delay resulted in substantial harm.  See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  Further, Salazar's allegation that he did not receive a proper psychological evaluation fails because "[d]isagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."  Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).  Finally, because Salazar has produced neither direct evidence nor a chronology of events which suggest retaliation by prison officials, his claim of retaliation by prison officials fails.  See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997).

Salazar has failed to establish that he seeks to present a nonfrivolous issue for appeal.  Accordingly, his motion for IFP is DENIED and the appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The three-strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim."  Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997).  Because he has now accumulated more than three strikes, see Salazar v. Moore, No. 01-20623 (5th Cir. June 19, 2002); Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996); Salazar is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury.  See § 1915(g).

MOTION DENIED; APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.