United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30420
Conference Calendar

_____

EDGAR J. THEARD, III,

                                        Plaintiff-Appellant,

versus

BURL CAIN; DORA RABALAIS; RICHARD L. STALDER;
UNKNOWN STERLING; UNKNOWN PORET; PEGGY LESLIE;
COL UNKNOWN JONES; UNKNOWN BULTER; UNKNOWN BRADLEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-728
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Edgar J. Theard III, Louisiana prisoner # 104140, moves this

court for leave to proceed in forma pauperis (IFP) on appeal

following the district court's dismissal of his pro se and IFP

civil rights complaint.  The district court dismissed the

complaint for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii).  We construe Theard's motion as a challenge

to the district court's determination that the appeal is not

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Theard does not identify any specific constitutional right that he was exercising when he allegedly was disciplined for refusing to report on the misconduct of other prisoners. Accordingly, he fails to state a cognizable retaliation claim. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). Theard cannot show a due process violation in connection with the disciplinary proceedings because his good-time credits have been restored and his confinement to administrative segregation does not constitute an "atypical and significant hardship triggering due process."  See Sandin v. Conner, 515 U.S. 472, 484 (1995); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000); Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1999) (cell restriction does not implicate due process).  With respect to the loss of the use of his cane, Theard has failed to prove that the defendants were deliberately indifferent to a substantial risk of serious harm.  See Hare v. City of Corinth, Miss., 74 F.3d 633, 648 (5th Cir. 1996); Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Theard has failed to establish that he seeks to present a nonfrivolous issue for appeal.  Accordingly, his motion for IFP is denied, and the appeal dismissed as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  We caution Theard that he has accumulated two strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  If he

accumulates three strikes, he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g); Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997).

MOTION FOR IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.