United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30102
Summary Calendar

CHARLES A. TREECE,

Plaintiff-Appellant,

versus

O. KENT ANDREWS; MAJOR THOMAS; WAYNE CALABRESE;
RICHARD L. STALDER; WACKENHUT CORP.; MS. VIDRINE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CV-846
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charles A. Treece, Louisiana prisoner # 349233, appeals the
dismissal with prejudice on summary judgment of his civil rights
complaint filed pursuant to 42 U.S.C. § 1983. Treece alleged
that defendants Andrews, Thomas, and Vidrine violated his First
Amendment rights by assigning him duties inconsistent with his
work classification in retaliation for his filing complaints
through the prison administrative remedy procedure (ARP).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"This court reviews the grant of [a] summary judgment motion de novo, using the same criteria used by the district court in the first instance." Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

Treece has not shown a retaliatory adverse act or that the defendants intended to retaliate against him. See id. The district court thus did not err in granting the defendants' motions for summary judgment and denying Treece's cross motion for summary judgment.

Treece offers no argument with respect to the district court's conclusion that all of his claims, except for his claim of retaliation based on the change in his classification, were unexhausted. He also fails to challenge on appeal the district court's conclusion that his claims against Stalder, Calabrese, and unnamed insurance companies in their supervisory capacities were not cognizable under § 1983. By failing to address the basis of the district court's decision, Treece has abandoned these claims. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Treece's appeal is without arguable merit and is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  This court's dismissal of Treece's complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Treece is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.