United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30405
Summary Calendar

CHARLES A. TREECE,

Plaintiff-Appellant,

versus

O. KENT ANDREWS; RICHARD STALDER; ALLEN CORRECTIONAL CENTER,
Mailroom Personnel; MS. RAMSAY; MS. HARMON; MR. CARTER,
Classification Officer & Designated Social Security Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CV-1364
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Charles A. Treece, Louisiana prisoner # 349233, appeals the
dismissal with prejudice of his pro se, in forma pauperis (IFP)
28 U.S.C. § 1983 civil rights action as frivolous and for failure
to state a claim upon which relief could be granted, pursuant to
28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Treece argues that the backlog process of the prison's
Administrative Remedy Procedure, which allows the prison to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

address to completion only the first of multiple complaints,
denied him access to the courts. "[T]he Supreme Court has not
extended [the right of access to the courts] to encompass more
than the ability of an inmate to prepare and transmit a necessary
legal document to a court." Brewer v. Wilkinson, 3 F.3d 816, 821
(5th Cir. 1993) (footnote omitted). Treece was able to file his
complaint in the district court and has not shown other actual
injury as the result of the prison's backlog process. See id.;
Lewis v. Casey, 518 U.S. 343, 355 (1996). As such, the district
court properly dismissed Treece's claim.

Treece next contends that a cancer specialist recommended
that his left breast be removed, and that prison officials were
deliberately indifferent to his serious medical needs by
intentionally delaying the implementation of the specialist's
recommendation for three months. Treece has not shown that
prison officials intentionally delayed the recommended treatment,
much less that any such delay resulted in substantial harm. See
Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Finally, Treece claims that, as the result of constant
exposure to radiation from fluorescent overhead lighting, he
suffered permanent damage to his eyes. For conditions of
confinement to rise to the level of an Eighth Amendment
violation, the prisoner must show that "the risk that [he]
complains of [is] so grave that it violates contemporary
standards of decency to expose anyone unwillingly to such a

risk." Helling v. McKinney, 509 U.S. 25, 36 (1993). Treece has made no such showing.

Treece fails to challenge on appeal the district court's rejection of his claim that the shackles and black-box restraints used while he was transported to an outside medical facility constituted cruel and unusual punishment in violation of the Eighth Amendment, and does not address the district court's failure to consider the remainder of the claims he raised in the district court. Because Treece has failed to brief these claims, they are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Treece has moved for leave to enter new evidence, which the clerk's office construed as a motion to allow attachment to brief as a supplement. He also has moved for leave to introduce updated information. "An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling." Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Treece's motions are denied.

Treece's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of Treece's complaint as frivolous and this dismissal both count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103

F.3d 383, 387-88 (5th Cir. 1996). Treece is warned that if he accumulates a third strike, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).


APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.