United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30895
Summary Calendar
_____

CHARLES TREECE,

Plaintiff-Appellant,

versus

OTIS KENT ANDREWS, Warden Allen Correctional Center,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(2:05-CV-80)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Charles A. Treece, Louisiana prisoner #
349233, appeals the district court's dismissal with prejudice of
his pro se, in forma pauperis, 42 U.S.C. § 1983 civil rights
complaint as frivolous and for failure to state a claim. We review
a dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) for an
abuse of discretion. Taylor v. Johnson, 257 F.3d 470, 472 (5th
Cir. 2001). We review a dismissal for failure to state a claim on
which relief may be granted de novo. Hart v. Hairston, 343 F.3d
762, 763-64 (5th Cir. 2003); § 1915(e)(2)(B)(ii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Treece contends that he was prejudiced by the severance of his § 1983 claims from his 28 U.S.C. § 2254 application. We review the district court's decision to sever claims for abuse of discretion. Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 574 (5th Cir. 1995). The decision to separate Treece's claims was properly based on the ground that they raised "two distinct causes of action," habeas corpus and civil rights, and thus was not an abuse of discretion. See id.; Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987). Treece also asserts that his prison disciplinary proceeding and the imposed punishment violated Louisiana law and the United States Constitution. Treece's allegations, if proven would implicate the validity of the disciplinary proceeding, and thus are not cognizable under § 1983. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998).

Treece next contends that prisoners housed in a privately operated prison facility are treated differently than those housed in a state-operated facility. He also alleges unspecified discrimination by prison officials. As Treece offers no evidence that he is being treated differently from similarly situated prisoners in a state-operated prison facility, and as he fails to elaborate on his claims of discrimination, his equal protection claims are vague and conclusional and thus insufficient to raise an equal protection claim. See Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990).

Treece further asserts that prison officials instituted false disciplinary proceedings against him in retaliation for his filing a grievance. As Treece has merely alleged his personal belief that he is being retaliated against and has failed to set forth a chronology of events or factual allegations from which retaliation may be inferred, this claim also fails. See Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995); Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

Finally, Treece insists that the district court's imposition of the three-strikes bar was unconstitutional. Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997). As this court has already considered and upheld the constitutionality of § 1915(g), this issue is foreclosed. See Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997).

As Treece fails to challenge on appeal the district court's rejection of his claims that prison officials conspired to deny him his constitutional rights, committed the offense of battery of the infirm or elderly under Louisiana law, and discriminated against the elderly in violation of federal law, such claims are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that issues must be briefed to be preserved on appeal).

Treece also has moved for leave to supplement his brief on appeal. As Treece's motion advances a new argument and reiterates arguments raised on appeal, granting the motion would not produce

a proper supplement of the record or brief, and therefore is denied. See FED. R. APP. P. 28(a), (c), (j); 5th Cir. R. 28.5.

Treece's appeal to this court is frivolous and is therefore dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Treece has accumulated three strikes for 28 U.S.C. § 1915(g) purposes. See Treece v. Andrews, No. 2:04-cv-01364-JTT (W.D. La. Mar. 2, 2005); Treece v. Andrews, No. 05-30102 (5th Cir. June 1, 2006); Treece v. Andrews, No. 05-30405 (5th Cir. June 21, 2006); see Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Treece is thus barred from proceeding IFP in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; MOTION TO SUPPLEMENT DENIED.