**Martin Moreno RUIZ, Petitioner,**

v.

**Alfredo CAMPOS et al., Respondents.**

**No. EP–07–CV–392–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

March 25, 2008.

Martin Moreno Ruiz, Chaparral, NM, pro se.

Eduardo R. Castillo, Magdalena G. Jara, Assistant United States Attorney, Jose J. Tavarez, Special Assistant U.S. Attorney, Immigration and Customs Enforcement, EL Paso, TX, for Respondents.

### ORDERING GRANTING RE-SPONDENTS' MOTION TO DISMISS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Respondents Alfredo Campos et al.'s ("Re-spondents") "Motion to Dismiss," filed on January 24, 2008, and Petitioner Martin Moreno Ruiz's *pro se* "Response to Respondents' Motion to Dismiss," filed on February 12, 2008,[1] in the above-captioned cause. After due consideration, the Court is of the opinion that Respondents' Motion should be granted for the reasons set forth below.

## I. BACKGROUND

Petitioner Martin Moreno Ruiz ("Petitioner") is a native and citizen of Mexico. Resps.' Mot. to Dismiss 1. He entered into the United States on September 11, 2006, at the Bridge of Americas Port of Entry in El Paso, Texas. On October 3, 2006, the Government issued a Notice to Appear charging Petitioner as being removable from the United States as an immigrant without a visa. *Id.* Ex. A. Petitioner admitted the factual allegations contained in the Notice to Appear and filed applications for (1) withholding of removal under § 241(b)(a) of the Immigration and Nationality Act ("INA") and the Convention Against Torture Act and (2) political asylum. *Id.* Ex. B.

Removal proceedings commenced against Petitioner, and on January 26, 2007, an Immigration Judge granted Petitioner's application for withholding of removal under INA § 241(b)(3) and denied his application for political asylum. *Id.* Ex B. Both the Government and Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals (BIA). On May 25, 2007, the BIA remanded the case. On remand, the Immigration Judge denied Petitioner's applications for asylum and withholding of removal and

---

1. The Court acknowledges that Petitioner's Response fails to comply with Local Rule CV–7(d) because it is untimely and exceeds the page limit. Respondents did not move to strike the Response and so the Court shall consider it as though it satisfied CV–7(d).

ordered Petitioner removed to Mexico. *Id.* Ex. D. Petitioner has not yet been deported and remains detained at the Otero County Detention Center, located in Otero County, New Mexico.[2]

On November 16, 2007, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Texas arguing that Respondents have violated his constitutional rights. In the instant Motion, Respondent urge the Court to dismiss the cause for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

■ Rule 12(b)(1) instructs the Court to dismiss a complaint where it lacks subject matter jurisdiction over the matter presented. FED. R. CIV. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). The burden of proof to establish subject matter jurisdiction is on the party asserting jurisdiction. *Id.*

## III. ANALYSIS

Respondents contend that the Court lacks subject-matter jurisdiction over the Petition because Petitioner raises challenges to the conditions of his confinement which, Respondent assert, are not cognizable under § 2241. Resps.' Mot. to Dismiss 2–3.

Construing the Petition liberally, pursuant to *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court understands Petitioner to argue that Respondents violated his due process and equal protection rights by: (1) placing him in administrative segregation without a hearing and other procedural protections; (2) transferring him to another detention facility allegedly in retaliation for taking legal action; (3) denying him access to an adequate law library; (4) subjecting him to prison officials who are conspiring with the Mexican government against him; (5) allowing certain prison officials to handle his mail negligently; (6) conditioning the receipt of certain necessities and privileges upon amicable interactions with prison officials; and (7) interfering with his ability to take legal action.

■ "Federal law opens two main avenues to relief on complaints related to imprisonment; a petition for habeas corpus, 28 U.S.C. § 22[41], and a complaint under ... 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997) (citation omitted). "A habeas petition, on the other hand, is the proper vehicle to seek release from custody." *Id.*; *see also Jackson v. Johnson*, 475 F.3d 261, 264 (5th Cir.2007) ("A prisoner may file a § 1983 action to challenge the conditions of confinement, whereas a challenge to the fact of confinement is properly presented in a habeas petition.").

■ The Fifth Circuit "has adopted a bright-line rule for resolving" whether a

2. It appears Petitioner did not appeal the IJ's order of removal to the Fifth Circuit Court of Appeals.

§ 1983 or a habeas petition is the "proper vehicle" for a petitioner's claim. *Id.* "If 'a favorable determination ... would not automatically entitle [the petitioner] to accelerated release,' ... the proper vehicle is a § 1983 suit." *Id.* at 820–21 (citation omitted). A prisoner cannot state a claim for unconstitutional conditions of confinement in a habeas corpus petition unless granting the relief sought "inevitably" affects the duration of his or her sentence. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir.2000) (citation omitted) (finding the district court erroneously granted a petition for habeas corpus where the relief sought would not have "inevitably affect[ed] the duration of [the petitioner's] sentence.").

 While Petitioner seeks a writ of habeas corpus under § 2241, he does not challenge the constitutionality of his detention and does not ask the Court to release him from Respondents' custody. Pet. 29–30. If Petitioner prevails on his claims, he will not be immediately released from custody. As a decision in Petitioner's favor "would not automatically entitle [him] to accelerated release, ... the proper vehicle [for his claims] is a § 1983 suit." *Carson*, 112 F.3d at 820–21. Thus, the Court concludes that Petitioner fails to establish cognizable claims under § 2241 such that it lacks subject matter jurisdiction. *See Spencer v. Bragg*, No. EP–07–CA–160–KC, 2007 WL 4115295, *1 (W.D.Tex. Nov. 9, 2007) (granting the government's motion to dismiss a § 2241 petitioner which challenged conditions of confinement brought under § 2241). Accordingly, the Court holds that Respondents' Motion should be granted and the case dismissed pursuant to 12(b)(1) for lack of subject-matter jurisdiction.[3]

## IV. CONCLUSION

Based on the foregoing analysis, the Court is of the opinion that the following orders shall enter:

**IT IS ORDERED** that Respondents' "Motion to Dismiss" (Docket No. 9) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned cause is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that any and all pending motions in the above-captioned cause are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk **CLOSE** the above-captioned cause.

---

**3.** Though the Court lacks jurisdiction to reach the merits of Petitioner's claims, it advises Petitioner that he has accumulated "three strikes" based on three previous dismissals for failure to state meritorious claims pursuant to 28 U.S.C. § 1915. *See* Docket No. 5 in EP–07–CV–78–PRM, Docket No. 5 in EP–07–CV–79–PRM and Docket No. 20 in EP–07–CV–204–DB. Accordingly, he may be denied *in forma pauperis* status, and be required to pay the full filing fee when filing additional civil actions or appeals while he is incarcerated or detained at any facility unless he demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).