**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2009

No. 08-30757

Charles R. Fulbruge III

Clerk

DAVID D. CLIFFORD, also known as Michael J. Coleman

Plaintiff-Appellant

v.

STATE OF LOUISIANA; KATHLEEN BLANCO, Governor;
LOUISIANA LEGISLATURE; CHARLES FOTI, Attorney General,
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS;
RICHARD STALDER, Secretary, Department of Public Safety and Corrections;
N BURL CAIN, Warden;
#1 J DOE, Mailroom (LSP) Supervisor;
#2 J DOE, Judge, 20th Judicial District Court

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-955

Before JONES, Chief Judge, and GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Louisiana prisoner David Clifford ("Clifford") sued a variety of defendants

on two unrelated claims. His first claim alleges that various defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

mishandled his prison mail in violation of the First Amendment. The second challenges the constitutionality of the Louisiana Prison Litigation Reform Act, which Clifford argues violates both the federal and state constitutions by dismissing civil suits brought by prisoners who cannot pay the filing fees within three years. The district court adopted the magistrate judge's recommendations and dismissed the first claim for failure to exhaust administrative remedies and the second as frivolous. Clifford appeals. Because the district court incorrectly found that Clifford failed to exhaust his administrative remedies, we vacate the dismissal of that claim and remand but affirm in all other respects.

### *First Amendment Claim*

The district court found that this claim was not administratively exhausted because Clifford's complaint acknowledged that at the time of suit he had received no response from the first step of the administrative process. This court reviews the district court's dismissal for failure to exhaust administrative remedies *de novo*. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007).

Clifford filed an administrative grievance on October 1, 2007. Louisiana regulations require the warden to respond to an inmate's grievance within 40 days. La. Admin. Code tit. 22, § 325(G)(1)(a). The regulations state, "expiration of response time limits shall entitle the inmate to move on to the next Step in the process." *Id.* § 325(G)(4)(a). Accordingly, after the 40 days expired, Clifford attempted to move to the second stage of the administrative remedies process. Clifford finally received a response to his initial grievance in January, which he refused to sign. According to Clifford, he was told by prison officials that he could not proceed to the second step of the grievance process because he did not sign the response to the first.

No procedural rule clearly requires a prisoner to sign an untimely first stage grievance before proceeding to the second. Instead, the regulations indicate that the expiration of time limits, alone, enables an inmate to proceed

to the next step in the grievance process. Clifford was thus entitled to proceed to the second stage of the grievance process and the prison erroneously did not allow him to do so. Under these circumstances, a prisoner's administrative remedies are deemed exhausted. *See Powe v. Ennis*, 177 F.3d 393, 393 (5th Cir. 1999) (involving failure of the state to comply with deadlines in the administrative process).

While the complaint may ultimately be appropriately dismissed on other grounds, the district court erred in dismissing this claim for failure to exhaust administrative remedies. We vacate and remand this portion of the district court's order.

### *Louisiana Prisoner Litigation Reform Act*

In an unrelated claim, Clifford challenges the Louisiana Prisoner Litigation Reform Act ("LPLRA"). Unlike the federal Prisoner Litigation Reform Act ("PLRA"), the LPLRA will eventually dismiss a suit filed by an in forma pauperis ("IFP") prisoner who cannot pay filing fees within three years. *Compare* La. Rev. Stat. 15:1186(B)(2)(c) ("If the prisoner does not pay the full court costs or fees within three years from when they are incurred, the suit shall be abandoned and dismissed without prejudice.) *with* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Clifford filed a medical malpractice suit against various prison officials, which has been stayed and, he asserts, will presumably be dismissed under the LPLRA. He alleges that this dismissal violates the equal protection clause of the Fourteenth Amendment, the due process clause of the Fourteenth Amendment, and the open access clause of the Louisiana Constitution.

The district court dismissed this claim as frivolous as a matter of law under 28 U.S.C. § 1915(e)(2)(B)(I), which it may do where the claim lacks an

arguable basis in law or fact. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). This court reviews the dismissal of the suit as frivolous for abuse of discretion. *Id.*

> The open courts provision of the Louisiana Constitution provides:
>
> All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.

La. Const. art. I, § 22. This provision provides the same protections as the Fourteenth Amendment to the United States Constitution, and "the legislature is free to restrict access to the judicial machinery if there is a rational basis for that restriction" where no fundamental right is at stake. *Safety Net for Abused Persons v. Segura*, 692 So.2d 1038, 1042 (La. 1997) (Louisiana Constitution); *see also Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997) (holding that the Constitution requires waiving filing fees only where a fundamental interest is involved).

In the face of arguments identical to those made by Clifford now, a panel upheld the constitutionality of the three-strikes provision of the PLRA in *Carson*. Clifford's right to recover for medical malpractice does not fall within the fundamental interests recognized by the Supreme Court. *See Carson*, 112 F.3d at 821 (divorce and termination of parental rights involve fundamental interests; bankruptcy and welfare benefit determination do not). Clifford therefore has no constitutional right to a waiver of filing fees for his suit. *Id.*

*Carson* disposes of Clifford's equal protection claims as well. "Neither prisoners nor indigents constitute a suspect class," and this statute therefore receives rational basis review. *Id.* at 821–22. Requiring the payment of filing fees to "deter[] frivolous and malicious lawsuits, and thereby preserv[e] scarce judicial resources, is a legitimate state interest," and "prisoners have abused the judicial system in a manner that non-prisoners simply have not." *Id.* at 822.

4

The LPLRA's requirement that all inmates pay filing fees is rationally related to a legitimate state interest and does not violate the Constitution. The district court did not abuse its discretion by dismissing Clifford's challenges to the LPLRA as frivolous.

Because the district court erroneously dismissed Clifford's First Amendment claims for failure to exhaust administrative remedies, that portion of the order is **VACATED** and **REMANDED**, and the remainder is **AFFIRMED**.