# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2010

Charles R. Fulbruge III
Clerk

No. 08-30508
Summary Calendar

RODNEY HAMILTON

Plaintiff - Appellant

v.

CHARLES C. FOTI, JR., Attorney General, State of Louisiana; JON A. GEGENHEIMER, Clerk of Court 24th Judicial District Court

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-3600

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rodney Hamilton, an inmate in Louisiana, filed a *pro se* Section 1983 complaint claiming that the Clerk of the 24th Judicial District Court erroneously applied a state statute regarding prisoner suits and denied him his right to proceed on a claim against his attorney. He also asserts that the statute violates his rights to equal protection and due process. We disagree and AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-30508

## STATEMENT OF FACTS

In 1975, after a trial in the Louisiana 24th Judicial District Court, Rodney Hamilton was convicted of first degree murder and sentenced to death. On appeal, his conviction was affirmed. His sentence, though, was annulled because the state's death penalty scheme had been declared unconstitutional. *State v. Hamilton*, 356 So. 2d 422 (La. 1978) (citing *Roberts v. Louisiana*, 428 U.S. 325 (1976)). The court remanded with instructions for the district court "to sentence the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence for a period of twenty years." *Id*. He was resentenced in September 1978. During the proceedings for the new sentence, Hamilton was represented by defense attorney Arcenious F. Armond.

On several occasions thereafter, Hamilton unsuccessfully sought relief in the same state district court.[1] Then, on March 14, 2000, Hamilton filed a complaint with the Louisiana Attorney Disciplinary Board against Armond. He claimed a "lack of communication." Armond filed a motion to withdraw from representing Hamilton, which was granted. It is unclear when Armond last represented Hamilton.

In 2001, Hamilton filed a breach of contract suit against Armond in the 24th Judicial District Court. He sought recovery of attorneys fees and payment of damages for Armond's withdrawal from representing him. Hamilton filed as a pauper, seeking waiver of the need to pay fees. Armond filed to have Hamilton's suit dismissed. Hamilton was not allowed to file a reply because the

---

[1] Representative of his efforts are the following: *State ex rel. Hamilton v. Zaccaria,* 442 So. 2d 475 (La. 1983) (suit against the judge who presided over his murder trial); *State ex rel. Hamilton v. Maggio*, 464 So. 2d 308 (La. 1985) (suit against the prison warden); *State ex rel. Hamilton v. State*, 699 So. 2d 393 (La. 1997) (seeking supervisory or remedial writ).

clerk of the court, Jon Gegenheimer, placed a stay on the proceedings until all court costs were paid as required by Louisiana's Prisoner Litigation Reform Act ("PLRA").  *See* La. R.S. 15:1186.   Armond's exception was granted, and Hamilton's breach of contract suit was dismissed in 2003.

The record contains correspondence in 2005 between Hamilton and the Louisiana Fifth Circuit Court of Appeal.  The court advised him that because of his failure to pay fees in the district court, no appeal was pending.  The Louisiana Supreme Court denied Hamilton's application for relief. *Hamilton v. Armond*, 955 So. 2d 1271 (La. 2007).

Following the dismissal of his suit in the state district court, Hamilton filed a *pro se*, *in forma pauperis* civil rights complaint in the United States District Court for the Eastern District of Louisiana.  *See* 42 U.S.C. § 1983. Defendants were the state district court clerk and the state Attorney General, Charles Foti, Jr.  Hamilton alleged that clerk Gegenheimer erroneously applied the restrictions in the PLRA to his civil action, that the statute violated his rights under both the United States and Louisiana constitutions, and that the Attorney General should be enjoined from enforcing the unconstitutional statute. Both defendants were named in their individual and official capacities.

Gegenheimer and Foti filed separate motions to dismiss.  On January 9, 2008, the magistrate judge issued a Report and Recommendation concerning both motions. *See Hamilton v. Att'y Gen. of La.*, No. 07-3600, 2008 WL 1836670 (E.D. La. Apr. 23, 2008) (summary order with Report and Recommendation attached).  After rejecting a jurisdictional issue that is not challenged on appeal, the magistrate judge recommended granting the motions.  As to Foti's motion, Hamilton had not alleged that Foti was in any way responsible for the

No. 08-30508

application of the stay provision to Hamilton's civil suit. With respect to Gegenheimer's motion, the state courts had held that the PLRA did not violate the Louisiana Constitution and Hamilton had not established that the stay violated his federal constitutional rights. The district court rejected Hamilton's objections and dismissed the suit.

Following this dismissal, the district court denied Hamilton's motion to proceed *in forma pauperis* on appeal based on its certification that any appeal would not be taken in good faith. Thereafter, a judge on this court concluded that Hamilton's appeal presented at least one nonfrivolous issue. Hamilton's appellate motion to proceed *in forma pauperis* was granted.

### DISCUSSION

We review *de novo* a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). If the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face" and has failed to "raise a right to relief above the speculative level," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Since Hamilton is proceeding *pro se*, his arguments are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A.    Claims Against Clerk Gegenheimer

Hamilton alleged that by applying the automatic stay provision of the PLRA to his breach of contract claim, the state district court clerk deprived him of his rights to due process, equal protection, and access to the court without unreasonable delay under both the United States and the Louisiana

4

No. 08-30508

Constitutions. The district court dismissed these claims because (1) Hamilton had not demonstrated that the imposition of the stay provision violated his constitutional right to due process; (2) Hamilton was not a member of a suspect class for the purposes of the Equal Protection Clause; and (3) the stay provision did not violate Hamilton's right to access the state courts. *Hamilton*, 2008 WL 1836670 at *6-9.

Hamilton's first claim on appeal appears to be that Gegenheimer violated his right to due process by filing his breach of contract claim under the statute for prisoners, which has the automatic stay provision, instead of under a general statute for indigent parties that does not. *Compare* La. R.S. 15:1186 (PLRA) *with* La. C.C.P. art. 5181 (general indigent party statute). He alleges that his breach of contract claim was not the type of indigent prisoner civil suit the Louisiana Legislature intended to be subjected to the restrictions in the PLRA. Hamilton argues that the PLRA was intended to place additional restrictions on suits brought by indigent prisoners that challenged prison conditions. The defendants argue that the PLRA applies to all suits brought by indigent prisoners, except those specifically excluded by the statute.

We need not reach a conclusion on this state law dispute. Hamilton has brought a Section 1983 suit. He is not entitled to have us reconsider the state court's interpretation of state law simply because that court might have been wrong. "[S]tate law claims, standing alone, do not provide federal jurisdiction." *Simi Inv. Co., Inc. v. Harris County, Tex.*, 236 F.3d 240, 247 (5th Cir. 2000). To state a claim, Hamilton must allege "a violation of a right secured by the Constitution or laws of the United States." *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (quotation marks and citation omitted).

No. 08-30508

Hamilton generally asserts a denial of due process. To assert a procedural due process claim, there first must be identified a liberty or property interest that has been hindered, then a showing made that the procedures provided to protect the interest are insufficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The interest to be protected may arise from the Due Process Clause itself or from the laws of the state. *Id.*

Hamilton has not identified what that interest might be, though reading his claim liberally, it could be categorized as a right to have the procedural requirements for litigation be applied in an accurate and nonarbitrary manner. Whatever the best definition of the possible interest might be, Hamilton has not presented anything for our review other than a disagreement with how Louisiana interpreted two different state statutes. That is a state law claim over which we have no jurisdiction. Even if the state district court clerk erroneously interpreted the PLRA to apply to Hamilton's claim, and we state no position on the question, such error would not be a constitutional violation.

We now turn to Hamilton's equal protection claim. Prisoners and indigents are not suspect classes. *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997). Therefore, to the extent Hamilton is arguing that the automatic stay provision for prisoners who do not pay fees is a violation of equal protection, he has not shown that a protected classification is involved. Consequently, he must show that the provision is not "rationally related" to a legitimate state interest. *A.M. ex rel. McAllum v. Cash*, 585 F.3d 214, 226 (5th Cir. 2009).

A recent unpublished decision of this court held there to be a legitimate state interest underlying the PLRA requirement for the payment of filing fees, because it would "deter[] frivolous and malicious lawsuits, and thereby

6

No. 08-30508

preserv[e] scarce judicial resources," and because "prisoners have abused the judicial system in a manner that non-prisoners simply have not." *Clifford v. Louisiana*, 347 F. App'x 21, 23 (5th Cir. 2009) (unpublished) (quoting *Carson*, 112 F.3d at 822) (alteration in original). We agree and hold that the PLRA's requirement that all inmates pay filing fees, with an automatic stay until paid, subject to statutory exceptions for certain kinds of claims, is rationally related to a legitimate state interest and does not violate the Constitution.

Hamilton's equal protection claim was properly dismissed.

We now turn to Hamilton's access to the court claim. We categorize that as a substantive due process claim. Substantive due process "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal quotation marks and citation omitted). We have recognized that meaningful access to the courts is a fundamental federal constitutional right. *Chrissy F. v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 851 (5th Cir. 1991). However, imposition of the automatic stay provision did not block Hamilton's meaningful access to the courts. The automatic stay provision only restricted Hamilton's access without payment of court fees.

The propriety of such limitations has already been approved by the Supreme Court. The Court recognized "a narrow category of civil cases in which the State must provide access to its judicial processes without regard to a party's ability to pay court fees." *M.L.B. v. S.L.J.*, 519 U.S. 102, 113 (1996). Hamilton's breach of contract claim does not fall within this narrow category of cases. *See id.* at 113-16.

No. 08-30508

### B.    *Claims Against Foti*

We now turn to Hamilton's assertion that the district court erred in its holding as to Foti. The court held that Hamilton had not alleged "a constitutional violation at the hands of Foti or that Foti was in any way responsible for the application of the stay provision of the [PLRA] to his case." *Hamilton*, 2008 WL 1836670 at *6.

A claim against a state official in his official capacity is essentially a claim against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, the Eleventh Amendment generally bars suits by private parties against a state in federal court regardless of the relief sought. *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (en banc). However, Hamilton asserts that the *Ex parte Young* exception applies. *Ex parte Young*, 209 U.S. 123 (1908). In that opinion, the Supreme Court permitted suits against state officials in their official capacity in order to enjoin enforcement of an unconstitutional state statute. *Okpalobi*, 244 F.3d at 411. This exception applies when the state official (1) has some connection with the enforcement of the statute or (2) is specifically charged with the duty to enforce the statute and is threatening to exercise that duty. *Id.* at 414-15 (citing *Ex parte Young*, 209 U.S. at 157, 158).

Hamilton alleges that as state Attorney General, Foti was "the guardian" of the PLRA and that it is the Louisiana Attorney General's duty to enforce the laws of the state. *See* La. Const. art. IV, § 8 (powers and duties of the attorney general). However, sitting en banc, we specifically rejected the argument that the Louisiana Attorney General's state constitutional duty to enforce all laws of the state is sufficient to satisfy the requirements of *Ex parte Young*. *Okpalobi*, 244 F.3d at 419. Furthermore, Hamilton has not alleged, nor does the record

8

No. 08-30508

suggest, that Foti threatened to exercise his duties as Attorney General to enforce the automatic stay provision in the PLRA. Therefore, the Eleventh Amendment bars any suit against Foti in his official capacity. The district court properly dismissed Hamilton's claims against Foti in his official capacity.

Hamilton also alleged a Section 1983 claim against Foti in his individual capacity. The district court dismissed this claim because Hamilton failed to allege that Foti was personally involved in the alleged violation of his civil rights. It is unclear whether Hamilton challenges this conclusion on appeal. However, Hamilton's allegations are that Gegenheimer, not Foti, was the one who made the breach of contract lawsuit subject to the PLRA. He has not alleged that Foti was personally involved. The personal involvement by a defendant "is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

The district court did not err in dismissing this claim.

The district court's judgment is AFFIRMED.