# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2020

Lyle W. Cayce
Clerk

No. 19-60362

David Edward Payne,

*Plaintiff—Appellant*,

*versus*

Supreme Court of Mississippi,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-570

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

David Edward Payne, Mississippi prisoner # 08755, moves this court for leave to proceed in forma pauperis (IFP) to appeal the district court's denial of his motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 60(b) following the denial of his petition for a writ of mandamus.  Payne's IFP motion is a challenge to the district court's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

determination that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Payne asserts that the district court erred in denying his petition for a writ of mandamus. Because Payne did not file a notice of appeal following the denial of his petition, this court lacks jurisdiction to consider it. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); 28 U.S.C. § 2107(a). In addition, Payne has abandoned, by failing to brief, any argument addressing the district court's denial of his motion to alter or amend the judgment. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, Payne's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His motion for certification of law to the United States Supreme Court is DENIED. However, the dismissal does not count as a strike under 28 U.S.C. § 1915(g) due to the underlying nature of the action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).